IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| F.J. CORBETT COMPANY d/b/a CORBETT CONSTRUCTION<br>2810 Dorr Avenue<br>Fairfax, Virginia 22031<br><br>     Plaintiff,<br><br>v.<br><br>UNIT OWNERS ASSOCIATION OF<br>CARRIAGE HOUSE CONDOMINIUM<br>d/b/a CARRIAGE HOUSE CONDOMINIUM<br>SERVE:     Kevin Mullen<br>              2201 L Street, N.W.<br>              Washington, D.C. 20037<br><br>     Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No._____<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT FOR MONEY DAMAGES

COMES NOW, F.J Corbett Company, d/b/a Corbett Construction, by counsel,

(hereinafter "Corbett") and requests that this Court enter judgment against the above named

Defendant on account of the following facts and circumstances to-wit:

## GENERAL ALLEGATIONS

1.  F.J. Corbett Company is a Virginia corporation doing business as Corbett

Construction.  Corbett maintains its office and regular place of business at 2810 Dorr Avenue,

Fairfax, Virginia.

2.  The Unit Owners Association of Carriage House Condominium ("Carriage

House") is a District of Columbia unincorporated association organized pursuant to the District

of Columbia Condominium Act, with its principal place of business in the District of Columbia.

Upon information and belief, Kevin E. Mullen is the General Manager and authorized agent of

1

Carriage House.

3.      Corbett and Carriage House entered into an agreement pursuant to which Corbett constructed, renovated or improved certain common areas within property in Washington, D.C. with a street address of 2201 L Street, N.W., Washington, D.C., upon which is constructed a residential condominium.

## JURISDICTION AND FACTS COMMON TO ALL COUNTS

4.      Jurisdiction of this action is founded upon 28 U.S.C. § 1332, the parties being of different states and the matter in controversy exceeding $75,000.00.  Venue is proper in this Court as the work was performed in the District of Columbia.

5.      In connection with the development of the project, Carriage House contracted with Kevin Mullen to act as a construction manager and/or agent for the development of the project.

6.      Corbett was directed to perform and supply labor and material to the project in accordance with the plans and specifications provide by Mullen on behalf of Carriage House. The original agreed upon sum agreed to be paid by Carriage House for the project was $679,381.00.

7.      During the course of the project, Carriage House issued various directives and instructions both through itself and its construction manager Mullen to Corbett, which resulted in Corbett providing additional labor, material, equipment and services to the project, with a value of at least $59,192.00.  Corbett was paid the sum of $607,322.00 for its work on the project leaving a balance due and owing of $131,251.00.

2

8.      Corbett has fully completed all work it was required to perform for the project, except where waived, prevented or excused by Carriage House, and Carriage House has full beneficial use and occupancy of the project.

## COUNT I
## (Breach of Contract)

9.      The allegations of paragraphs 1 through 8 are incorporated herein by reference.

10.     Corbett and Carriage House entered into an express contract for the performance of the work.  A copy of a written contract, exclusive of certain general conditions, plans and other documents referenced in the contract, was sent to Carriage House and no objection was made to the terms thereof prior to Corbett being directed to proceed with the work.

11.     In connection with the agreement entered into between the parties, Carriage House had certain express and implied obligations including, but not limited to; the obligation to promptly give Corbett site access and to properly define and delineate the scope of work; the obligation to properly schedule and coordinate the work; the obligation not to hinder delay or interfere with the work or to make it more costly and expensive; the obligation to detail and provide accurate plans for the work; the obligation to furnish Corbett with accurate plans and specifications for the project; the obligation to provide pertinent and material information concerning the work; the obligation to act in good faith; and the obligation to timely pay for work performed (hereafter "contractual obligations").

12.     During the course of Corbett's performance of work on the project, Carriage House hindered, and delayed Corbett in the performance of its work and failed to perform its duties and obligations under the contract including but not limited to the duty and obligation to timely pay Corbett for work performed on the project, to arbitrate disputes under the contract and

not to hinder, delay or prevent Corbett from performing its work, all of which constituted a breach of contract.

13. By reason and virtue of the breaches of contract by Carriage House and Mullen, Corbett has sustained loss, cost and damage in the amount of at least $131,251.00.

14. Carriage House materially breached, varied and abandoned its contractual obligations to Corbett resulting in loss, costs and damages both direct and consequential in an amount equal or exceeding $131,251.00 for which sums Defendant is liable.

## COUNT III
### (Quantum Meruit/Unjust Enrichment)

In the alternative to Count II, the undersigned states as follows:

15. The allegations of paragraphs 1 through 8 are incorporated herein by reference.

16. Pursuant to the request of Carriage House, Corbett supplied materials and service to the project upon the condition and understanding that it would be paid the reasonable value of the work and material provided.  To the extent there was no express agreement governing the work, and/or any such agreement was abandoned, or is otherwise void or unenforceable Corbett is entitled to recover its costs and the reasonable value of the work and material provided with the expectation that it would be reimbursed therefore.

17. Carriage House knew that Corbett expected to be paid for the value of its work. To the extent the work or material provided is not governed by the terms of any express contract between the parties, Carriage House would be unjustly enriched, at the expense of the Plaintiff, by receiving equipment, supplies and materials for the construction of the project without paying a reasonable sum for the same.  By using and taking control of the work, materials and

equipment supplied by Plaintiff, the Defendant has obligated itself to Plaintiff to pay a reasonable sum for the labor, materials and equipment.

18.     The reasonable value of the labor and materials supplied by Plaintiff to the project is at least $131,251.00 for which the Defendant is liable.

WHEREFORE, the F.J Corbett Company, d/b/a Corbett Construction requests judgment against the Defendant as follows:

A.     For judgment against the Defendant Unit Owners Association of Carriage House Condominium d/b/a Carriage House, pursuant to Count I hereinabove in the sum of $131,251.00, together with interest thereon, reasonable attorney's fees and costs of suit expended.

B.     For judgment against the Defendant Unit Owners Association of Carriage House Condominium d/b/a Carriage House pursuant to Count II herein in the sum of $131,251.00, together with interest thereon and costs of this proceeding.

C.     For such other and further relief as the Court may deem appropriate.

D.     Plaintiff prays for trial by Jury on all issues stated herein.

                                        F.J. CORBETT COMPANY D/B/A
                                        CORBETT CONSTRUCTION

                                        By Counsel

*/s/ Stephen J. Annino, Esq.*
Stephen J. Annino, Esq. (D.C. Bar No. 390252)
Kasimer & Annino, P.C.
7653 Leesburg Pike
Falls Church, VA 22043
TEL:  (703) 893-3914
FAX:  (703) 893-6944
sannino@kasannlaw.com

P:\Docs\Corbett Const\carriagehouse\Pleadings\Complaint 10.4.12.doc